IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-37-D

PAMELA A. BATSON,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
Defendant.

**MEMORANDUM & RECOMMENDATION**

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-24 & 27). No responses or replies have been filed, and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-29). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-24) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-27) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits on April 24, 2008, alleging disability beginning February 15, 2008. (Tr. 11). Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated September 3, 2010. *Id*. at 11-19. The Social

Security Administration's Office of Disability Adjudication and Review denied Plaintiff's request for review on December 20, 2011. *Id*. at 1. Therefore, the ALJ's September 3, 2010 determination is Defendant's final decision. Plaintiff filed the instant action on April 10, 2012. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether Defendant has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See,* Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 15, 2008. (Tr. 13). At step two, the ALJ found that Plaintiff had two severe impairments: 1) fibromyalgia; and 2) rheumatoid arthritis. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 14. Next, the ALJ determined that Plaintiff had the residual functional capacity to perform light work with certain exceptions. *Id*. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently; walk and stand for 6 hours total in an 8-hour workday; sit for 2 hours total out of an 8-hour workday; she requires the option to sit and stand as needed; she can occasionally climb and balance; she is limited to frequent fingering and should avoid concentrated exposure to hazards.
>
> *Id.*

The ALJ then determined that Plaintiff was unable to perform any of her past relevant work. *Id*. at 18. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 18-19. Based on these findings, the ALJ determined that Plaintiff had not been under a disability from February 15, 2008 through September 3, 2010. *Id.* at 19.

**The ALJ did not properly address the opinion of Dr. Ayman Gebrail**

The undersigned recommends remand because the ALJ did not properly address the medical opinions of Dr. Ayman Gebrail. Dr. Gebrail consistently diagnosed Plaintiff with

fibromyalgia. *Id*. at 253-262, 327-331, 387. Dr. Gebrail stated on September 26, 2007 that Plaintiff had "a history of chronic pain including her shoulders and back." *Id*. at 258. Plaintiff felt dizzy and experienced muscle aches on December 6, 2007. *Id*. at 255. Dr. Gebrail noted that Plaintiff had "multiple points of tenderness by palpation over the shoulders and back." *Id*. Dr. Gebrail noted on December 20, 2007 that Plaintiff was "hurting all over." *Id*. at 254. On December 27, 2007, Dr. Gebrail stated that Plaintiff was "complaining of pain secondary to her fibromyalgia." *Id*. at 253. Plaintiff complained of "having pain all over" on June 18, 2008. *Id*. at 329. She also demonstrated "multiple points of tenderness by palpation over the thoracolumbar spine." *Id*. On July 7, 2009, Plaintiff had diffuse myofascial pain, and was demonstrating no improvement on prednisone. *Id*. at 387. Dr. Gebrail indicated that Plaintiff had "diffuse tender points to light touch and . . . 18 positive tender points." *Id*. During his examinations of Plaintiff, Dr. Gebrail consistently held Plaintiff out of work. *Id*. at 253-262. Likewise, on February 10, 2010, Dr. Gebrail opined that Plaintiff was incapable of light work because of her fibromyalgia. *Id*. at 383.

With regard to Dr. Gebrail's opinion, the ALJ made the following finding: "[t]he undersigned gives little weight to the opinion of the claimant's treating physician (Exhibit 19F), because it is not supported by the medical evidence of record and her clinical progress notes." *Id*. at 18. This finding is not supported by any further analysis or explanation.

An ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not

supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.* *See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. Sept. 5, 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527. *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ is not required to explicitly discuss each of these factors in his decision. Warren v. Astrue, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Nonetheless, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011), *Report and Recommendation Adopted by*, Farrior v. Astrue, 2011 WL 3157150 (E.D.N.C. July 26, 2011).

Here, even considering that the ALJ is not required to explicitly discuss these factors, the ALJ's analysis was insufficient. The ALJ essentially devoted a single sentence to explain why

he was giving Dr. Gebrail's opinion little weight. Such a finding required further analysis and explanation. The undersigned notes, *inter alia*, that Dr. Gebrail's opinions were supported by other evidence in the record. Other physicians diagnosed or assessed Plaintiff with fibromyalgia. *Id*. at 263-269, 282-288, 347, 378, 379, 380, 385. On August 2, 2007 Plaintiff was experiencing "continued pain." *Id*. at 263 Plaintiff had tenderness in her arms and thighs, and painful range of motion in her shoulders on April 2, 2008 and April 28, 2008. *Id*. at 286, 288. Plaintiff reported pain and stiffness with range of motion on April 3, 2009. *Id*. at 361. Dr. Mark Harris diagnosed Plaintiff with myalgias and polyarthralgias on April 23, 2009. *Id*. at 377. During several examinations, Dr. Harris stated that Plaintiff had "diffuse tender points to light touch" and "18 positive tender points." *Id*. at 377-380. Dr. Harris also noted that Plaintiff had been "intolerant to multiple medications." *Id*. at 379. On June 25, 2009, Dr. Richard Moore indicated that Plaintiff had "persistent limited range of motion of the left wrist and pain." *Id*. at 385.

In short, because the ALJ did not sufficiently explain her reasons for giving Dr. Gebrail's opinions little weight, the undersigned is unable to determine whether Defendant's final decision was supported by substantial evidence.

## Conclusion

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-24) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-27) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, April 23, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE